Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
317 East Spruce Street
P.O. Box 7051
Missoula, MT 59807-7051
406-721-1435
406-830-3085 fax
tim@bechtoldlaw.net

Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| RHETT CRANTZ, individually, as Personal Representative of the Estate of Venus Crantz; and as Guardian of Marina Crantz, Marley Crantz, McKenzy Crantz, and Maisen Crantz, <br><br>　　　　Plaintiff, <br><br>　vs. <br><br>UNITED STATES OF AMERICA, <br><br>　　　　Defendant. | CV 14-    -GF- <br><br>**COMPLAINT** |

Plaintiff alleges as follows:

1. Plaintiff Rhett Crantz is the surviving spouse of Venus Marie Crantz, and the natural father of their minor children Marina Crantz, Marley Crantz, McKenzy Crantz, and Maisen Crantz. Mr. Crantz is the duly appointed, qualified, and acting personal representative of the estate of Venus Marie Crantz. Mr. Crantz is a citizen of the State of Montana and a resident of Blaine County, Montana.

2. Plaintiff Rhett Crantz brings this action on behalf of himself, on behalf of the estate of Venus Marie Crantz, on behalf of his children, and on behalf of the heirs of the Estate of Venus Marie Crantz, all of whom have sustained lawful damages as a result of Venus Marie Crantz's injuries and death.

3. This Court has jurisdiction over this cause of action pursuant to the Federal Tort Claims Act, 28 U.S.C. 2671, *et seq*., because the claim arises from conduct of federal government agents and Plaintiff has exhausted administrative remedies.

4. This Court has exclusive jurisdiction over tort claims brought against the United States pursuant to 28 U.S.C. § 1346(b).

5. Plaintiff filed Federal Tort Claim Act claims on January 29, 2014, and the Department of Health and Human Services received the claims on January

31, 2014. The government has not acted on the claims, therefore Plaintiff's claims are now ripe for adjudication.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(e) and 1402(b).

7. On December 9, 2013, Venus, a 34-year-old mother of four, experienced difficulty breathing at her home in Harlem, Montana, so her brother William Abieta took her to the Ft. Belknap Health Center emergency department.

8. Ft. Belknap Health Center records indicate that on December 9, 2013, Venus walked into the emergency department at the Ft. Belknap Health Center at 8:16 pm with asthma symptoms.

9. Ft. Belknap Health Center records indicate that Venus collapsed backward and went into respiratory arrest at 8:23 pm.

10. Ft. Belknap Health Center records indicate that IHS health care providers attempted to intubate Venus, but were unsuccessful.

11. Ft. Belknap Health Center records indicate that IHS health care providers attempted to resuscitate Venus, but were unsuccessful.

12. Ft. Belknap Health Center records indicate that Venus was pronounced dead by IHS health care providers at 9:08 pm on December 9, 2013.

13. IHS health care providers failed follow the correct protocols for patients who present with a difficult airway. This failure caused Venus' condition to deteriorate and caused her death.

14. IHS health care providers were negligent and violated the standard of care in failing to properly assess and properly treat Venus' condition upon her arrival at the IHS clinic on December 9, 2013.  The failure to assess and treat Venus in a timely manner caused her condition to deteriorate and caused her death.

15. The Ft. Belknap Health Center violated the standard of care by not being adequately prepared and equipped to treat patients who present with asthma.

16. As a direct and proximate result of each of the acts and omissions of the IHS and IHS health care providers alleged in this Complaint, Venus suffered severe injuries resulting in her death.

17. Plaintiffs should receive lawful damages under Montana's survival statute, MCA § 27-1-501, and wrongful death statute, MCA § 27-1-513, as follows:

   A. For the wrongful death of Venus Marie Crantz and the loss of economic and family support, companionship, affection, society,

consortium, comfort, and services she provided to her family;

B. For Venus' mental anguish, pain, and suffering before she died;

C. For Venus' funeral and burial costs.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant as follows:

1. For judgment in such amounts as shall be proven at the time of trial.

2. For an award of attorney's fees and costs as provided by any applicable provision of law.

3. For such other and further relief as the Court deems just and equitable.

DATED this 18th day of August, 2014.

/s/ Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC